IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KENS AGGRESSIVE HAULING, LLC**                                              **PLAINTIFF**

v.                                   Case No. 3:23-cv-00093 KGB

**NUCOR CORPORATION**                                                        **DEFENDANT**

## ORDER

Before the Court is a motion for leave to withdraw as counsel for plaintiff filed by Lloyd W. "Tre" Kitchens of The Brad Hendricks Law Firm. (Dkt. No. 11).  Mr. Kitchens moves to withdraw from representing plaintiff Kens Aggressive Hauling, LLC (*Id.*, ¶ 2).  Mr. Kitchens represents that "there has been a breakdown in communication between counsel and client and further representation of Plaintiff is not practical." (*Id.*, ¶ 3).  Mr. Kitchens further represents that he has sent a disengagement letter via email and U.S. Certified Mail to plaintiff Kens Aggressive Hauling, LLC's "home address," that reasonable notice of withdraw has been given, and that a withdrawal of counsel will not result in any foreseeable prejudice or other material adverse effect on the interest of plaintiff Kens Aggressive Hauling, LLC (*Id.*, ¶¶ 4–6).

For good cause shown, the Court grants the motion to withdraw (*Id.*).  The Court relieves Mr. Kitchens as counsel of record for plaintiff Kens Aggressive Hauling, LLC in this case.  Mr. Kitchens is directed to provide copies of this Order to plaintiff Kens Aggressive Hauling, LLC.

As a business entity, plaintiff Kens Aggressive Hauling, LLC cannot move forward in this lawsuit without representation.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993) ("It has been the law for the better part of two centuries. . . that a corporation may appear in the federal courts only through licensed counsel."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (citing 28 U.S.C. § 1654); *Greater St. Louis Const. Laborers Welfare*

*Fund v. A.L.L. Const., LLC*, Case No. 4:06-cv-988, 2007 WL 4233544, *1 (E.D. Mo. Nov. 28, 2007) (noting that limited liability company cannot proceed *pro se*).  Therefore, plaintiff Kens Aggressive Hauling, LLC must retain counsel in this matter or risk being subject to a default judgment.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Court directs plaintiff Kens Aggressive Hauling, LLC to obtain counsel and for that counsel to enter an appearance in this action within 30 days from the entry of this Order, up to and including March 27, 2024.

The Court, on its own motion, stays this matter until March 28, 2024.  Absent good cause shown, the stay shall lift automatically on March 28, 2024, and this action will proceed without further orders of the Court being necessary.  The Court notes that the Final Scheduling Order sets the deadline for the addition of parties and amendment of pleadings in this matter on February 12, 2024 (Dkt. No. 10, ¶ 2).  The Court suspends all unexpired pretrial deadlines in the Final Scheduling Order and removes this case from the August 5, 2024, trial calendar (*Id.*).  New pretrial deadlines and a new trial date will be issued by separate Order.

It is so ordered this 26th day of February, 2024.

_____
Kristine G. Baker
Chief United States District Judge