IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KENS AGGRESSIVE HAULING, LLC**                                                              **PLAINTIFF**

v.                                    Case No. 3:23-cv-00093 KGB

**NUCOR CORPORATION**                                                                    **DEFENDANT**

### ORDER

Before the Court is defendant Nucor Corporation's ("Nucor") motion to dismiss (Dkt. No. 13). Nucor moves to dismiss plaintiff Kens Aggressive Hauling, LLC's ("Kens Aggressive Hauling") complaint with prejudice (*Id.*, at 1). Nucor's motion was filed on April 3, 2024 (*Id.*). Kens Aggressive Hauling has not filed a response, and the time to do so has passed.

Nucor represents the following in its motion to dismiss: Kens Aggressive Hauling filed its complaint on April 21, 2023 (*Id.*, ¶ 1); counsel for Kens Aggressive Hauling filed a motion to withdraw on December 6, 2023 (*Id.*, ¶ 2); the Court granted the motion to withdraw on February 26, 2024 (*Id.*, ¶ 3); the Court's Order required Kens Aggressive Hauling to obtain new counsel and directed that any new counsel appear in this action by March 27, 2024 (*Id.*, ¶ 4); the Court's Order warned Kens Aggressive Hauling that failure to comply with the Order may result in dismissal of the action (*Id.*, ¶ 5); and Kens Aggressive Hauling failed to comply with the Court's Order as no counsel has entered an appearance on its behalf (*Id.*, ¶ 6). Therefore, Nucor moves the Court for a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order (*Id.*, ¶ 7).

Nucor's brief in support of the motion to dismiss argues that a limited liability company cannot proceed *pro se* (Dkt. No. 14, at 2 (citing Dkt. No. 12, at 1–2)). Nucor further argues Kens Aggressive Hauling's failure to comply with the Court's previous Order and failure to prosecute

this action warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b) (*Id.*, at 2 (citing *Silver Fox Energy, LLC v. Buchanan*, No. 1:22-CV-00030, 2023 WL 8435111 (D.N.D. Aug. 29, 2023); *AGX Holdings, LLC v. Cent. Specialities, Inc.*, No. 1:18-CV-021, 2018 WL 4328247 (D.N.D. Aug. 27, 2018))).

The Court agrees that Kens Aggressive Hauling, a limited liability company, cannot proceed *pro se* in this action.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (citing 28 U.S.C. § 1654); *Greater St. Louis Const. Laborers Welfare Fund v. A.L.L. Const., LLC*, No. 4:06-CV-988, 2007 WL 4233544, *1 (E.D. Mo. Nov. 28, 2007) (noting that a limited liability company cannot proceed *pro se*).  Additionally, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Unless the Court specifies that such a dismissal is without prejudice, the dismissal operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

Kens Aggressive Hauling has failed to comply with the Court's previous Order (Dkt. No. 12).  The Court required Kens Aggressive Hauling to obtain counsel by March 27, 2024, and Kens Aggressive Hauling has no attorney of record as of the date of this Order (*Id.*, at 2).  While the Court may dismiss an action with or without prejudice pursuant to Federal Rule of Civil Procedure 41(b), "[d]ismissal with prejudice under [Rule] 41(b) is a drastic sanction which should be exercised sparingly."  *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (alterations in original) (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)).  A decision to dismiss an action pursuant to Rule 41(b) is reviewed for abuse of discretion.  *See Boyle v. Am. Auto Serv., Inc.*, 571

F.3d 734, 742 (8th Cir. 2009) (citing *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008)). A Court may exercise the power to dismiss an action with prejudice pursuant to Rule 41(b) if there has been "a clear record of delay or contumacious conduct by the plaintiff." *Brown*, 806 F.2d at 803 (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)).

The Court finds that Kens Aggressive Hauling's failure to prosecute warrants dismissal, but the record does not demonstrate delay or contumacious conduct that is sufficient to warrant a dismissal that operates as an adjudication on the merits.

The Court grants Nucor's motion to dismiss, in part (Dkt. No. 13). The Court dismisses this action without prejudice pursuant to Rule 41(b).

It is so ordered this 12th day of July, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge